His Honor, EMILE GODCHAUX,
rendered the opinion and decree of the Court, as follows:
Plaintiff, a painter, purchased from défendant the gloss oil and benzine required by him for “sizing” the interior wails of a building which he had contracted to paint or tint. The work was rejected by the architect in charge as defective and he had to do it over again; and he now sues for the loss sustained, claiming it was due to the inferior or imperfect character of the material he had purchased'from defendant. He had judgment in the trial Court, and defendant appeals.'
Defendant’s contention is that the fault was due, not to inferior material, but to the compounding of the gloss oil and benzine in improper proportions, or to the unskilful application of the compound to the walls by plaintiff’s workmen.
But to uphold either of these theories, this Court would be forced to do that which it cannot do, namely, disre-., gard the unimpeached and uncontradicted testimony in the record and decline to accord it that degree of credibility which the trial 'Court’s judgment makes evident it should receive. For every witness possessing knowl-" edge of the fact testifies that the ingredients were mixed according to the prescribed and standard ratio of two parts of gloss oil to one of benzine, and tk,a,t the compound thus secured was skilfully applied in the ordinary way. Moreover, it is testified that the work would have *376 disclosed defects entirely different in character from those which actually manifested themselves had the fault been attributable to either of the causes upon which the defense is predicated.
Opinion and decree, April 24th, 1916.
Rehearing refused, May 8th, 1916.
But, says defendant, conceding this to be true, there is nevertheless no evidence to support the charge that the material was inferior or imperfect. As'to- this it suffices to state that the proof with reasonable certainty excludes every cause but this for the occurrence of the defects in the work, and in law such proof is equivalent to direct and positive evidence that the fault is attributable to that cause alone.
Black vs. Ocean Accident, etc., Co., 10 Ct. of Ap. 284.
The judgment, however, must be reduced in so far as the item of -material lost is concerned. Plaintiff paid defendant for material to the amount of $30.00 only, and he has been discharged from liability for the additional material purchased by him from defendant by judgment of the 'City Court. His damage on this score is therefore not the amount claimed and allowed, namely, $113.59, but simply $30.00, and the judgment should .be reduced by the difference between these two amounts, or by $83.59.
. It is accordingly decreed that the judgment be reduced from $313.49 to $229.90, and that as thus amended it be affirmed, plaintiff paying the costs of appeal and defendant those of the trial Court.
Judgment amended.